# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**KEITH WAYNE GRAYSON**                                           **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO. 4:06CV116-TSL-LRA**

**SHERIFF TODD KEMP AND**
**MARY MCLENDON**                                     **DEFENDANTS**

## ORDER

This cause comes before the Court upon the motion for appointment of counsel [#49], motion to be moved to another facility [#48], and the motion for discovery [#50] filed by Keith Wayne Grayson [hereinafter "Plaintiff"] on January 28, 2008.

As to counsel, Plaintiff requests the Court to appoint him counsel to represent him in this conditions of confinement action brought pursuant to 42 U.S.C. §1983.  There is no automatic right to counsel in a §1983 action, and unless there are "exceptional circumstances," a district court is not required to appoint counsel to represent indigent plaintiffs in a civil action.  **Cupit v. Jones**, 835 F.2d 82, 86 (5th Cir. 1987).  *See also* **Castro Romero v. Becken**, 256 F.3d 349, 353-54 (5th Cir. 2001) (holding that there is no automatic right to appointment of counsel in civil rights cases); **Branch v. Cole**, 686 F.2d 264, 266 (5th Cir. 1982) (same).  This Court has specifically considered (1) the type and complexity of this case; (2) whether Plaintiff is capable of adequately presenting his case; (3) whether Plaintiff is in a position to adequately investigate the case;

and, (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses. **Ulmer v. Chancellor**, 691 F.2d 209, 212-213 (5th Cir. 1982).

Plaintiff has alleged that his medical treatment has been inadequate while he has been housed in the Clarke County Jail. Claims regarding medical treatment are fairly common among §1983 cases, and the Court is familiar with the applicable law. The claims are simple and straightforward and involve no complex theory of law which would require legal skills to develop. Plaintiff attended the omnibus hearing and was articulate in stating his claims against these defendants. Furthermore, a review of the file in this case, including the pleadings, confirms that Plaintiff is capable of presenting the instant claims with limited assistance from the Court. Plaintiff can obviously read and write, and he can orally explain his case to the Court. The Court finds no exceptional circumstances which would justify appointing counsel in this civil case.

This Court has no power to transfer Plaintiff to another prison. He is a prisoner of the State of Mississippi, and this Court does not interfere with the housing of state inmates. The "Motion for Change in Housing" shall be denied.

Plaintiff also requests discovery in this case. Defendants provided Plaintiff's medical and jail records at the omnibus hearing. No further discovery is deemed necessary or reasonable under the circumstances of this case.

IT IS, THEREFORE, ORDERED that the motion for appointment of counsel [#49], motion to be moved to another facility [#48], and the motion for

discovery [#50] filed by Plaintiff on January 28, 2008, are **denied.**

SO ORDERED, this the 30th day of January, 2008.

S/ Linda Randle Anderson
UNITED STATES MAGISTRATE JUDGE
